IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FRANK B. VURGESS, JR., \*
\*
    Plaintiff, \*
\*
    v. \* CV 420-303
\*
JOHN T. WILCHER; L. HOLMES; and \*
BARBARA CAMPBELL, \*
\*
    Defendants. \*

O R D E R

Plaintiff filed this lawsuit while housed at the Chatham County Detention Center. (Compl., Doc. No. 1, at 3.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 3 (granting IFP status).) Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). For the following reasons, Plaintiff's claims are dismissed without prejudice.

## I.   BACKGROUND

Plaintiff's claims revolve around the alleged failure of a clerk to record and transcribe grand jury proceedings that returned an indictment against him. (Compl., Doc. No. 1, at 5.)

On October 30, 2019, a grand jury convened in Chatham County and returned an indictment against Plaintiff. (Id.) A bench warrant was later issued, which Deputy L. Holmes executed. (Id.) Plaintiff alleges that Barbara Campbell, a Chatham County Deputy Clerk, "failed to record or transcribe the open court action and words that took place" during the grand jury proceedings in violation of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights. (Id.) Plaintiff also alleges that Defendants Holmes and Wilcher violated his rights by executing the warrant based on the allegedly faulty indictment. (Id.)

Plaintiff seeks monetary damages and an injunction to be released from jail on theories of false imprisonment and false arrest. (Id. at 5-6.)

## II.   LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for

2

failure to state a claim under Fed. R. Civ. P. 12(b)(6)." <u>Wilkerson v. H & S, Inc.</u>, 366 F. App'x 49, 51 (11th Cir. 2010) (citing <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" <u>Twombly</u>, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. <u>Erickson</u>, 551 U.S. at 94; <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, this liberal construction

3

does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### III. DISCUSSION

Plaintiff takes issue with the fact that the grand jury proceedings were allegedly not transcribed. Even taking the allegation as true, grand jury proceedings are confidential and thus Plaintiff, as the defendant in that case, had no right to a transcript of the proceedings against him. See Ruffin v. State, 656 S.E.2d 140, 142 (Ga. 2008) (citing Isaacs v. State, 386 S.E.2d 316, 322 (Ga. 1989) ("A defendant is not entitled to a transcript of the grand jury proceedings.")).

One could construe the Complaint as attempting to challenge the validity of the indictment on the grounds that it was not returned in compliance with the law in Georgia. Indictments in Georgia must be returned in "open court" and "such return must be entered by the clerk upon the minutes of the court . . . ."[1] Zugar v. State, 194 Ga. 285, 288 (Ga. 1942). Such a challenge is not proper in a Section 1983 action. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus,

---

[1] It should be noted that public records show the return of an indictment is present on the docket sheet on October 30, 2019 in Plaintiff's criminal case. See State v. Vurgess, SPCR19-02921-J1 (Chatham County Superior Court Oct. 30, 2019).

Plaintiff also did not allege that the clerk failed to record the return of the indictment in the court's minutes. He only alleged that the clerk failed to record the "actions and words that took place during the grand jury members being sworn in and returning their bill of indictment." (Compl. at 5.)

Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad v. Close, 540 U.S. 749, 750 (2004) (*per curiam*); see also Siskos v. Sec'y, Dep't of Corr., 817 F. App'x 760, 764 (11th Cir. 2020) (*per curiam*) (same).

Additionally, such a challenge pursued through a Section 1983 action, if successful, would necessarily impugn the validity of the ongoing state criminal prosecution. Two lines of Supreme Court cases prohibit this. First is Heck v. Humphrey, 512 U.S. 477 (1994). The rule from Heck is that

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in [his favor] would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 487. While the posture of the underlying criminal case here does not match the one in Heck, the Court's rationale applies equally: "This Court has long expressed similar concerns for finality and consistency and has generally declined to expand opportunities for collateral attack." Id. at 485.

Second is Younger v. Harris, 401 U.S. 37 (1971). The Supreme Court has repeatedly ruled that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger, 401 U.S. 37). There are three exceptions to this rule that warrant federal court intervention: "(1) there is

5

evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Turner v. Morgan, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012) (citing Younger, 401 U.S. at 45).

None of the three exceptions to the Younger doctrine apply to Plaintiff's case. Although Plaintiff claims he is the victim of bad faith prosecution in the form of alleged irregularities with the manner in which he was indicted, he fails to make "substantial allegations" with evidentiary support for his claims. See Younger, 401 U.S. at 48-49 (noting allegations in previously decided case granting injunction were "substantial" and explaining bad faith prosecutions are brought without an intention of obtaining a conviction or for harassment).

To the extent Plaintiff asserts claims of false arrest and false imprisonment, those too fail. "A claim for false arrest arises when an arrest occurs without a warrant and without probable cause." Jones v. Brown, 649 F. App'x 889, 890 (11th Cir. 2016) (citing Brown v. City of Huntsville, 608 F.3d 724, 734 (11th Cir. 2010)). Here, Plaintiff alleges that a warrant was issued and does not allege the absence of probable cause.

"A § 1983 claim of false imprisonment requires a showing of common law false imprisonment and a due process violation under the Fourteenth Amendment." Campbell v. Johnson, 586 F.3d 835, 840 (11th Cir. 2009). The common law elements of false imprisonment are an intent to confine, an act resulting in confinement, and the victim's

6

awareness of confinement. Id. But a plaintiff must also "prove that the defendant acted with deliberate indifference in violating [his] right to be free from continued detention after the defendant knew or should have known that the detainee was entitled to release." May v. City of Nahunta, 846 F.3d 1320, 1329 (11th Cir. 2017) (citing Campbell, 586 F.3d at 840). Plaintiff has not alleged the required deliberate indifference.

In sum, this case is not the proper vehicle for Plaintiff's attempt to invalidate the indictment returned against him in Chatham County. Nor does he have a right to view the transcript of those grand jury proceedings. Finally, Plaintiff has failed to state a Section 1983 claim for false arrest or false imprisonment.

### IV.  CONCLUSION

For the reasons explained above, Plaintiff has failed to state any arguably viable claim in his pleadings. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), **IT IS HEREBY ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. Any pending motions are **DENIED AS MOOT**. The Clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of April, 2022.

_____
UNITED STATES DISTRICT JUDGE